**WILLIAM A. ROMAINE #126966**
**LAW OFFICE OF WILLIAM A. ROMAINE**
1200 SOUTH WOODLAND STREET, SUITE A
VISALIA, CALIFORNIA 93277

TELEPHONE 559 635 3040
TELECOPIER 559 635 3044

ATTORNEYS FOR PLAINTIFF ARLENE AVILA

# United States District Court
# Eastern District of California

| | |
|---|---|
| ARLEEN AVILA,<br><br>    Plaintiff,<br><br>vs.<br><br>CITY OF VISALIA, A CALIFORNIA MUNICIPAL CORPORATION, ANDREW SWARTHOUT, an individual, RAMONA CASEY, an individual, JON PREE, an individual; and BRENT ABBOTT, an individual. | **Case No.**<br><br>COMPLAINT FOR DAMAGES<br><br>[42 USC. § 1983; 42 USC § 12132; 42 USC § 12203; False Arrest and Imprisonment; Intentional Infliction of Mental Distress<br><br>**JURY TRIAL DEMANDED BY PLAINTIFF** |

Plaintiff alleges and hereby respectfully demands trial by jury on the following:

## JURISDICTION

1. Plaintiff is, and at all times material hereto was an individual residing within the United States of America and protected by the Constitution and Laws thereof;

2. Defendants herein named are and at all times material hereto were individuals and/or corporate entities acting within the United States of America and in the State of California under the color of law thereof.

///

LAW OFFICE OF
WILLIAM A. ROMAINE
1200 S. WOODLAND ST. SUITE A
VISALIA, CALIFORNIA 93277
TELEPHONE 559 635 3040
TELECOPIER 559 635 3044

Complaint.wpd

3. The first, second, and third causes of action set forth in this complaint arise under the Constitution, laws, or treaties of the United States in that they seek redress provided for by the provisions of 42 U.S.C, § 1983, and Subchapters II and IV of Chapter 126 of Title 42 United States Code and, therefore, this court has original jurisdiction in this matter pursuant to the provisions of 28 U.S.C. § 1331.  The other claims set forth in this complaint give rise to remedies pursuant to the laws of the State of California, but arise from the same set of operative facts that give rise to plaintiff's claims under the Laws of the United States and therefore are so closely related to the claims set forth in the first, second, and third causes of action that plaintiff prays this court to exercise its supplemental jurisdiction provided by 28 U.S.C. § 1367 and to hear those matters as part of the same action.

4. To the extent that any defendant here may claim some immunity against suit pursuant to Amendment XI of the United States Constitution, that immunity has been abrogated, as to the second and third causes of action by the provisions of 42 U.S.C. § 12202.

**STATEMENT OF OPERATIVE FACTS**

5. Plaintiff incorporates here and alleges as if set out in full each and every allegation set forth in paragraphs 1 through 4, inclusive, of this Complaint.

6. On or about May 11, 2007, plaintiff was then and there a qualified individual with a disability within the contemplation of 42 U.S.C. § 12131, subsection (2) in that she suffered from Parkinson's Disease, a systemic neurological disorder of continued duration that resulted in her meeting the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity.

LAW OFFICE OF
WILLIAM A. ROMAINE
1200 S. WOODLAND ST. SUITE A
VISALIA, CALIFORNIA 93277
TELEPHONE 559 635 3040
TELECOPIER 559 635 3044

Complaint.wpd                                            - 2 -

|    |     |                                                                                           |
|----|-----|-------------------------------------------------------------------------------------------|
| 1  | 7.  | On or about May 11, 2007, defendants City of Visalia was a "public entity" as that term is defined by 42 U.S.C. } 12131 and by and through its police department, as well as its employees: defendants ANDREW SWARTHOUT, RAMONA CASEY, JON PREE, and BRENT ABBOTT, attended to provide public services in response to a call to the location where plaintiff was driving her automobile in the City of Visalia, State of California. |
| 8  | 8.  | Upon arriving upon the location where plaintiff was driving her automobile, said defendants erroneously determined that plaintiff had been driving her automobile in violation of the laws of the State of California, to wit: under the influence of alcohol or a drug.  In making this determination, said defendants failed to consider information then and there provided to them that plaintiff was not under the influence of alcohol or a drug, but was rather suffering from the debilitating effect of her disability. |
| 16 | 9.  | Said defendants then and there became enraged by the failure of plaintiff to cooperate with their efforts to arrest her for driving under the influence of alcohol or a drug and began to physically and verbally assault her repeatedly. |
| 20 | 10. | Without performing an adequate investigation to determine whether they had probable cause to do so, said defendants physically restrained plaintiff and seized her person and removed her to a hospital against her will and over her objection. |
| 24 | 11. | After taking plaintiff to a hospital for a medical examination, defendants knew or should have known that plaintiff had not been driving an automobile under the influence of alcohol or a drug as proscribed by the laws of the State of California.  Despite this knowledge, however, said defendants continued to seize plaintiff's |

LAW OFFICE OF
WILLIAM A. ROMAINE
1200 S. WOODLAND ST. SUITE A
VISALIA, CALIFORNIA 93277
TELEPHONE 559 635 3040
TELECOPIER 559 635 3044

Complaint.wpd                                                                 - 3 -

person and transported her to the Tulare County Jail Bob Wiley Detention Center where she was detained and charged with driving a vehicle while under the influence of alcohol or a drug. Plaintiff was subsequently acquitted of all such charges.

12. In so transporting plaintiff, defendants failed to provide plaintiff with the necessary assistive devices she required to overcome some of the limitations of her disability, although provision of those devices, including, but not limited to, a wheel chair, was reasonable under the circumstances. Defendants also failed to timely provide plaintiff with the medications she required to overcome some of the more debilitating aspects of her Parkinson's Disease symptoms.

13. Plaintiff has subsequently publicly asserted her rights under 42 U.S.C. Chapter 126 and has publicly opposed and prosecuted defendants, and each of them, for their alleged practices depriving her of rights secured to her under that Chapter.

14. In direct and intentional retaliation for plaintiff's assertion of her rights and prosecution of defendants, defendants, and each of them, have discriminated against plaintiff in the provision of public safety services to her by failing to respond promptly to her calls for public safety services and/or by responding to her calls in such a way and manner as to result in her being coerced into treatments that were unwarranted and untherapeutic and have intimidated her by patrolling her private property for evidence of some conduct on her part that may subject her to arrest and charge on some legal matter and by surveilling her and her property, and by other acts intended to create in plaintiff an understanding that she was being singled out for disparate treatment by said defendants in retaliation for her opposition and prosecution.

///

LAW OFFICE OF
WILLIAM A. ROMAINE
1200 S. WOODLAND ST. SUITE A
VISALIA, CALIFORNIA 93277
TELEPHONE 559 635 3040
TELECOPIER 559 635 3044

Complaint.wpd                                  - 4 -

## FIRST CAUSE OF ACTION

**(Deprivation of Federally Bestowed Rights Under Color of State Law)**

15. Plaintiff incorporates here and alleges as if set out in full each and every allegation set forth in paragraphs 1 through 14, inclusive, of this Complaint.

16. Purporting to act under the color of the laws of the State of California, defendants and each of them deprived plaintiff of rights secured to her by the provisions of the Constitution and laws of the United States, to wit: seizure, in violation of the provisions of Amendment IV of the United States Constitution, of plaintiff's person without warrant and without probable cause to believe that she had committed a crime; discrimination by the City of Visalia, in its capacity as a public entity against plaintiff on the basis of her disability; and retaliation against plaintiff on the basis of her opposing the practices of the City of Visalia which practices were in violation of the provisions of Subchapter II of Chapter 126 of Title 42 of the United States Code and for asserting her rights with respect to those practices.

17. As a direct and proximate result of the deprivation by defendants of plaintiff's rights set forth in paragraph 16 hereto, plaintiff suffered injury in her person and emotional state in that she was subjected to painful delay in treatment for her illness, she was bruised by the physical force and restraints used by the defendants to coerce her to go to the hospital and transport her to the detention facility, and she suffered embarrassment, humiliation, dismay, obloquy, and other general distress as a result of defendants' conduct towards her, all of which resulted in plaintiff incurring medical expenses and general damages in a sum according to proof.

LAW OFFICE OF
WILLIAM A. ROMAINE
1200 S. WOODLAND ST. SUITE A
VISALIA, CALIFORNIA 93277
TELEPHONE 559 635 3040
TELECOPIER 559 635 3044

Complaint.wpd - 5 -

18. The conduct of defendants in doing the things hereinabove set forth was so egregious and unwarranted and so blatantly in violation of plaintiff's rights as to warrant the imposition of punitive damages against them for the purposes of deterrence of future such conduct and to make a public example of them to deter such conduct in others in future.

WHEREFORE, plaintiff prays judgment as hereinafter set forth.

## SECOND CAUSE OF ACTION

### (Discrimination under the Americans With Disabilities Act)

19. Plaintiff incorporates here and alleges as if set out in full each and every allegation set forth in paragraphs 1 through 14, inclusive, of this Complaint.

20. At all times material hereto, plaintiff was diagnosed as suffering from Parkinson's Disease, a debilitating neurological disorder that impairs its sufferers–and in particular plaintiff–in the ability to perform the everyday functions of their lives including, but not limited to: narrowing the types of employment plaintiff may perform, interrupting plaintiff's mobility, preventing plaintiff from normal daily activities such as dressing, walking without assistance, and caring for herself.

21. During the encounter between plaintiff and defendants on May 11, 2007, as more particularly described in paragraphs 7 through 12, inclusive, of this complaint, defendants knew or should have known that plaintiff was not in violation of any law and that her behavior was the result of her disability and the deprivation of timely required medications. It knew, or should also have known that plaintiff required certain assistive devices, including, but not limited to, a wheel chair to function more normally. It knew or should have known that plaintiff required medications to function normally, and it knew or should have known that all of these things that plaintiff needed were

LAW OFFICE OF
WILLIAM A. ROMAINE
1200 S. WOODLAND ST. SUITE A
VISALIA, CALIFORNIA 93277
TELEPHONE 559 635 3040
TELECOPIER 559 635 3044

Complaint.wpd                                                                - 6 -

1  reasonably available and could be provided by said defendants to
2  plaintiff. Despite that knowledge, defendants discriminated against
3  plaintiff by subjecting her to tests and investigations that were
4  impossible for her to perform without reasonable accommodation, failed
5  to offer her that accommodation, and deprived her of her required
6  medications and assistive devices and instead subjected her to arrest
7  and detention for having symptoms of her disability that in some
8  respects mimicked symptoms of intoxication by alcohol or a drug.

9  22.  As a direct and proximate result of the deprivation by defendants of
10  plaintiff's rights set forth in paragraph 21 hereof, plaintiff suffered
11  injury in her person and emotional state in that she was subjected to
12  painful delay in treatment for her illness, she was bruised by the
13  physical force and restraints used by the defendants to coerce her to go
14  to the hospital and transport her to the detention facility, and she
15  suffered embarrassment, humiliation, dismay, obloquy, and other
16  general distress as a result of defendants' conduct towards her, all of
17  which resulted in plaintiff incurring medical expenses and general
18  damages in a sum according to proof.

19  23.  The conduct of defendants in doing the things hereinabove set forth was
20  so egregious and unwarranted and so blatantly in violation of plaintiff's
21  rights as to warrant the imposition of punitive damages against them
22  for the purposes of deterrence of future such conduct and to make a
23  public example of them to deter such conduct in others in future.

24  WHEREFORE, Plaintiff prays judgment as hereinafter set forth.
25  ///
26  ///
27  ///
28

LAW OFFICE OF
WILLIAM A. ROMAINE
1200 S. WOODLAND ST. SUITE A
VISALIA, CALIFORNIA 93277
TELEPHONE 559 635 3040
TELECOPIER 559 635 3044

Complaint.wpd                                          - 7 -

# THIRD CAUSE OF ACTION

## (Retaliation)

24. Plaintiff incorporates here and alleges as if set out in full each and every allegation set forth in paragraphs 1 through 14, inclusive, of this Complaint.

25. After the deprivations set forth in paragraph 21 of this Complaint, plaintiff opposed the discriminatory practices of defendants by resisting them, by refusing to cooperate with them in humiliating her, and, subsequently, by filing and maintaining litigation against defendants to vindicate rights secured to her under Subchapter II of Chapter 126 of Title 42, United States Code.

26. Following this opposition and institution of litigation by plaintiff, defendants and each of them have retaliated against plaintiff by discriminating against her as more particularly set forth in paragraph 14 of this Complaint and have thereafter continually conducted a campaign of harassment and intimidation against plaintiff for the purpose of discouraging and punishing her opposition and litigation towards them.

27. As a direct and proximate result of the retaliation by defendants of plaintiff's rights set forth in paragraphs 14 and 26 hereof, plaintiff suffered injury in her person and emotional state in that she has been forced to suffer the fear of a perceived inability to receive timely emergency services, the fear of summoning emergency services because of the possibility that she will be derided for making such a summons, the fear of contacts with public safety personnel for fear that she will be accused of some sort of wrongdoing, all to her general damage, according to proof.

///

LAW OFFICE OF
WILLIAM A. ROMAINE
1200 S. WOODLAND ST. SUITE A
VISALIA, CALIFORNIA 93277
TELEPHONE 559 635 3040
TELECOPIER 559 635 3044

Complaint.wpd         - 8 -

28. The conduct of defendants in doing the things hereinabove set forth was so egregious and unwarranted and so blatantly in violation of plaintiff's rights as to warrant the imposition of punitive damages against them for the purposes of deterrence of future such conduct and to make a public example of them to deter such conduct in others in future.

WHEREFORE, plaintiff prays judgment as hereinafter set forth.

## FOURTH CAUSE OF ACTION
## (False Arrest and Imprisonment)

29. Plaintiff incorporates here and alleges as if set out in full each and every allegation set forth in paragraphs 1 through 14, inclusive, of this Complaint.

30. In doing the things alleged in paragraphs 6 - 11 inclusive of this complaint, defendants subjected plaintiff to false arrest and imprisonment in that there was no lawful ground for defendants to arrest and imprison plaintiff and the defendants knew, or should have known that the grounds alleged: to wit, driving under the influence of alcohol or a drug, were false and not supported.

31. As a direct and proximate result of the retaliation by defendants of plaintiff's rights set forth in paragraph 21 hereto, plaintiff suffered injury in her person and emotional state in that she has been forced to suffer the fear of a perceived inability to receive timely emergency services, the fear of summoning emergency services because of the possibility that she will be derided for making such a summons, the fear of contacts with public safety personnel for fear that she will be accused of some sort of wrongdoing, all to her general damage, according to proof.

32. The conduct of defendants in doing the things hereinabove set forth was so egregious and unwarranted and so blatantly in violation of plaintiff's

Law Office of
William A. Romaine
1200 S. Woodland St. Suite A
Visalia, California 93277
Telephone 559 635 3040
Telecopier 559 635 3044

Complaint.wpd                     - 9 -

1  rights as to warrant the imposition of punitive damages against them
2  for the purposes of deterrence of future such conduct and to make a
3  public example of them to deter such conduct in others in future.
4  WHEREFORE, Plaintiff prays judgment as hereinafter set forth.

## FIFTH CAUSE OF ACTION

### (Intentional Infliction of Mental Distress)

33. Plaintiff incorporates here and alleges as if set out in full each and every allegation set forth in paragraphs 1 through 14, inclusive, of this Complaint.

34. The conduct of defendants in doing the things more particularly alleged in paragraph 14 of this complaint was outrageous conduct, intentionally done for the purpose of–or with a substantial certainty of–inflicting severe mental and emotional distress upon plaintiff and causing her to suffer such mental and emotional distress and such conduct did cause plaintiff to suffer such mental and emotional distress.

35. As a direct, intended, and proximate result of this infliction of emotional distress, plaintiff suffered injury in her person and emotional state in that she has been forced to suffer the fear of a perceived inability to receive timely emergency services, the fear of summoning emergency services because of the possibility that she will be derided for making such a summons, the fear of contacts with public safety personnel for fear that she will be accused of some sort of wrongdoing, all to her general damage, according to proof.

36. The conduct of defendants in doing the things hereinabove set forth was so egregious and unwarranted and so blatantly in violation of plaintiff's rights as to warrant the imposition of punitive damages against them

///

///

LAW OFFICE OF
WILLIAM A. ROMAINE
1200 S. WOODLAND ST. SUITE A
VISALIA, CALIFORNIA 93277
TELEPHONE 559 635 3040
TELECOPIER 559 635 3044

Complaint.wpd                              - 10 -

for the purposes of deterrence of future such conduct and to make a public example of them to deter such conduct in others in future.

WHEREFORE, Plaintiff prays judgment as hereinafter set forth.

**PRAYER**

By reason of the allegations set forth above, plaintiff prays judgment against defendants and each of them, as follows:

1. For general and special damages against defendants, and each of them, in a sum, according to proof, sufficient to compensate plaintiff for economic and non economic losses she suffered as a result of defendants' conduct as herein alleged;

2. For punitive or exemplary damages against defendants, and each of them in a sum sufficient for the purposes of deterrence of future such conduct and to make a public example of them to deter such conduct in others in future;

3. For a temporary restraining order, preliminary, and permanent injunction as required to prevent further occurrences of the retaliation described in paragraphs 14 and 26 of this Complaint;

4. For costs of this action, including a reasonable attorney's fee; and

5. For such other and further relief as this court deems just and appropriate.

Dated: May 11, 2009                     Law Office of William A. Romaine

_____s/_____
William A. Romaine, Attorney for Plaintiff
1200 South Woodland Street # A
Visalia, California 93277-4212
(559) 635 3040 (Voice)
(877) 435 1991 (Fax)

///

LAW OFFICE OF
WILLIAM A. ROMAINE
1200 S. WOODLAND ST. SUITE A
VISALIA, CALIFORNIA 93277
TELEPHONE 559 635 3040
TELECOPIER 559 635 3044

Complaint.wpd                           - 11 -