William A. Romaine # 126966
Law Office of William A. Romaine
206 West Lacey Boulevard # 309
Hanford, California 93230

559 635 3040 (Telephone)
559 772 8492 (Telecopier)
war@lawromaine.com

# United States District Court
# Eastern District of California

| | |
|---|---|
| ARLEEN AVILA,<br><br>               Plaintiff,<br><br>    vs.<br><br>CITY OF VISALIA, A CALIFORNIA MUNICIPAL CORPORATION, ANDREW SWARTHOUT, an individual, RAMONA CASEY, an individual, JON PREE, an individual; and BRENT ABBOTT, an individual,<br><br>               Defendants. | Case Number: 1:09-cv-847<br><br>FIRST AMENDED COMPLAINT FOR DAMAGES<br><br>[42 USC. § 1983; 42 USC § 12132; 42 USC § 12203; False Arrest and Imprisonment; Intentional Infliction of Mental Distress<br><br>**JURY TRIAL DEMANDED BY PLAINTIFF** |

    Plaintiff Arlene Avila hereby amends her complaint filed in the above-entitled matter and replaces it in its entirety with the following:

## JURISDICTION

1. Plaintiff is, and at all times material hereto was an individual residing within the United States of America and protected by the Constitution and Laws thereof;

2. Defendants herein named are and at all times material hereto were individuals and/or corporate entities acting within the United States of America and in the State of California under the color of law thereof.

///
///
///

3. The first, second, and third causes of action set forth in this amended complaint arise under the Constitution, laws, or treaties of the United States in that they seek redress provided for by the provisions of 42 U.S.C, §1983, and Subchapters II and IV of Chapter 126 of Title 42 United States Code and, therefore, this court has original jurisdiction in this matter pursuant to the provisions of 28 U.S.C. § 1331. The other claims set forth in this amended complaint give rise to remedies pursuant to the laws of the State of California, but arise from the same set of operative facts that give rise to plaintiff's claims under the Laws of the United States and therefore are so closely related to the claims set forth in the first, second, and third causes of action that plaintiff prays this court to exercise its supplemental jurisdiction provided by 28 U.S.C. § 1367 and to hear those matters as part of the same action.

4. To the extent that any defendant here may claim some immunity against suit pursuant to Amendment XI of the United States Constitution, that immunity has been abrogated, as to the second and third causes of action by the provisions of 42 U.S.C. § 12202.

**STATEMENT OF OPERATIVE FACTS**

5. Plaintiff incorporates here and alleges as if set out in full each and every allegation set forth in paragraphs 1 through 4, inclusive, of this First Amended Complaint.

6. On or about May 11, 2007, plaintiff was then and there a qualified individual with a disability within the contemplation of 42 U.S.C. § 12131, subsection (2) in that she suffered from Parkinson's Disease, a systemic neurological disorder of continued duration that resulted in her meeting the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity.

7. On or about May 11, 2007, defendants City of Visalia was a "public entity" as that term is defined by 42 U.S.C.§ 12131 whose function included the provision of public safety in accordance with the laws of the United States of America, the State of California, and the bylaws of the City of Visalia for anyone present in the City of Visalia, California and by and through its police department, as well as its employees: defendants ANDREW SWARTHOUT, RAMONA CASEY, JON PREE, and BRENT ABBOTT, or some of them, attended to provide public safety services in response to a call to a private location near

1 the intersection of Walnut Avenue and Mooney Boulevard in the City of Visalia, County of
2 Tulare, State of California at which location plaintiff was then and there operating a
3 motor vehicle.

4       8. At that time and place, defendant City of Visalia had a policy, custom, and/or practice–written and/or unwritten in whole or in part–which policy applied to the standard operating procedure of defendant City of Visalia's public safety officers, which policy, custom, or practice required defendant City of Visalia's public safety officers to make rapid determinations without considering all facts carefully and conscientiously as to whether or not drivers of automobiles in the City of Visalia were impaired by drugs or alcohol at the time they were driving their automobile and upon drawing affirmative conclusions without so considering these facts, to arrest and take into custody any driver who exhibited traits similar to those expected from persons who actually are under the influence of alcohol or drugs, without consideration of countervailing factors that may be present, which factors, if examined, would tend to negate a finding of probable cause for arrest. In particular, these countervailing factors would include, but not be limited to the fact that persons suffering from certain debilitating, quality of life limiting illnesses such as Parkinson Disease, might exhibit traits similar to those expected from persons who are actually under the influence of alcohol or drugs. This policy was in derogation of the requirements of 42 U.S.C. § 12131, which required, *inter alia*, that defendant City of Visalia provide such training and institute such customs, policies, and practices as will reasonably assure that persons suffering from illnesses such as Parkinson Disease will not suffer discriminatory or disparate treatment because of the limitations of their lifestyle by their disease.

      9. Upon arriving upon the location where plaintiff was operating a motor vehicle, as hereinabove set forth, said defendants, or some of them, then and there acting in accordance with the custom, policy, and/or practice set forth in paragraph 8 of this First Amended Complaint, quickly and erroneously determined that plaintiff was then and there operating a motor vehicle in violation of the provisions of California Vehicle Code section 23152 which provided that a person committed a misdemeanor by operating a motor vehicle while under the influence of alcohol or a drug. At that time and place

1 plaintiff was neither under the influence of alcohol or a drug, however, at that time and
2 place plaintiff was suffering from the debilitating effects of her Parkinson Disease illness
3 and was, as is typical of persons so suffering, exhibiting symptoms that, to a certain
4 limited extent mimic symptoms exhibited by persons who are under the influence of
5 alcohol or drugs but are not suffering from Parkinson Disease.

6      10. Observing that plaintiff was exhibiting some of the symptoms of a person under
7 the influence of alcohol and/or a drug or drugs, said defendants, or some of them,
8 continuing to act in accordance with the custom, policy, and/or practice set forth in
9 paragraph 8 of this First Amended Complaint, failed to investigate and consider the
10 significance of the absence other symptoms from the circumstances then and there
11 present, including, but not limited to the absence of alcoholic odor, or other signs and
12 symptoms of the use of ability impairing drugs, which would tend to be exhibited by
13 someone under the influence of alcohol or a drug and which were not then and there being
14 exhibited by plaintiff. Furthermore, also acting under this custom, policy, and practice,
15 said defendants failed to consider plaintiff's protestations that she was not under the
16 influence of alcohol or a drug, but was exhibiting signs and symptoms of her Parkinson
17 Disease.

18      11. As a direct and proximate result of the erroneous determination made by
19 defendants as hereinbefore set forth, and continuing to act in accordance with the custom,
20 policy, and practice of the City of Visalia set forth in paragraph 8 of this First Amended
21 Complaint, defendants and each of them then and there arrested and seized the person of
22 plaintiff under the color of the laws of the State of California authorizing the arrest and
23 seizure of the person of someone who is operating a motor vehicle under the influence of
24 alcohol or a drug, notwithstanding that plaintiff was not so operating. As a further direct
25 and proximate cause of the determination made by defendants as hereinbefore set forth,
26 plaintiff was deprived of rights secured to her by the provisions of Subchapter II of
27 Chapter 126 of Title 42 of the United States Code (commencing with section 12131,)
28 including, but not limited to the right to participate in all the benefits and services of
29 entities subject to that law. Specifically, plaintiff was deprived of the right to the services
30 of public safety officers who were adequately trained in and subject to a custom, policy and

1  practice of employing the advanced skills necessary to distinguish between a person who
2  is exhibiting traits as a consequence of a debilitating disease and one who is exhibiting
3  some or all of the same signs and symptoms as a result of the systemic effect of alcohol
4  and/or a drug or drugs as required by regulations promulgated under 42 United States
5  Code, section 12134.

6       12. Continuing to act in accordance with the custom, policy, and practice of
7  defendant City of Visalia as set forth in pargraph 8 of this First Amended Complaint and
8  without performing an adequate investigation to determine whether they had probable
9  cause to do so and without probable cause to believe that plaintiff had committed a crime
10 and without a warrant, said defendants physically restrained plaintiff and seized her
11 person and removed her to a hospital against her will and over her objection, the purpose
12 of which seizure and removal was to obtain evidence that plaintiff had committed the
13 crime of driving under the influence of alcohol or a drug and not for the purpose of
14 providing services to plaintiff required.   All of this was in violation and derogation of
15 rights secured to plaintiff under Amendment IV of the United States Constitution and the
16 laws of the United States of America, in particular 42 United States Code section 12132
17 and the regulations promulgated in compliance with and authorized by 42 United States
18 Code section 12134.

19      13. Had they complied with the provisions of 42 United States Code section 12132
20 and the regulations enacted in compliance with 42 United States Code section 12134
21 and/or had the custom, policy, and/or practice of the City of Visalia accorded with that
22 statute and/or those regulations, defendants knew or should have known that plaintiff had
23 not been driving an automobile under the influence of alcohol or a drug as proscribed by
24 the laws of the State of California and should have released her from their custody
25 forthwith.   Despite this knowledge, however, and continuing to act in accordance with
26 the custom, policy, and/or practice more particularly described in paragraph 8 of this First
27 Amended Complaint, said defendants continued to seize plaintiff's person and transported
28 her to the Tulare County Jail Bob Wiley Detention Center where she was detained and
29 charged with driving a vehicle while under the influence of alcohol or a drug. Plaintiff was
30 subsequently acquitted of all such charges.

14. Despite plaintiff's request for a wheelchair, which was required by her to allow her to comply with the orders and directives of the defendants, and despite plaintiff's obvious need for a wheelchair as a consequence of her debilitating illness, in accordance with the custom, policy, and practice of defendant City of Visalia, as set forth hereinabove, the defendants and each of them denied and refused to provide plaintiff with a wheelchair, although it was reasonably within their power to do so.

15. As a direct and proximate consequence of the actions of defendants, and each of them and all of them as hereinabove set forth, plaintiff suffered general damages to her emotional and mental state including, but not limited to humiliation, helplessness, embarrassment, aggravation of her existing illness, fear, anxiety, and general mental distress, all to her damage in sums exceeding $5,000,000 or according to proof.

16. As further direct and proximate consequence of the actions of defendants and each of them and all of them as hereinabove set forth, plaintiff suffered economic damages including, but not limited to requiring medical evaluation of the injuries caused to her person by defendants' conduct, in engaging assistance to transport her from defendant's detention facilities to her residence, in recovering her automobile from where it was parked when defendants took her into their custody, all in a sum exceeding $50,000, or according to proof.

## FIRST CAUSE OF ACTION

**Deprivation of Rights Secured by the United States Constitution and Laws of the United States of America, Under Color of State Law**

17. Plaintiff incorporates here by this reference each and every allegation set forth in paragraphs 1 through 16 inclusive of this First Amended Complaint and by this reference realleges same as if set out in full herein.

18. Plaintiff had, at all times material hereto, certain rights secured by the Constitution and Laws of the United States of America: to wit: the right to be free from seizure of her person except by warrant issued upon probable cause, secured to her by Amendment IV of the United States Constitution and the right to receive services, equal treatment, and benefits as specified by 42 U.S.C. § 12132 and by regulations promulgated pursuant to 42 U.S.C. § 12134, from public entities as defined by 42 U.S.C. § 12131,

1  within which definition defendant City of Visalia fell at all times material hereto, those
2  rights including the right to adequately informed discretionary acts by public safety
3  officers employed by defendant City of Visalia.

4      19. Acting under color of the laws of the State of California, defendants and each of
5  them denied those rights to plaintiff as hereinbefore set forth by arresting her without a
6  warrant issued upon probable cause and further by having and acting under policies,
7  customs, and practices that denied or tended to deny plaintiff the right to adequately
8  informed discretionary acts on the part of public safety officers.

9      20. As a direct and proximate result of that denial of rights, plaintiff suffered
10 injury as hereinbefore set forth and now seeks redress for that injury and to recover all
11 damages accruing by reason therof.

## SECOND CAUSE OF ACTION

### (Discrimination under the Americans With Disabilities Act)

14      21. Plaintiff incorporates here by this reference each and every allegation set forth
15 in paragraphs 1 through 16 inclusive of this First Amended Complaint and by this
16 reference realleges same as if set out in full herein.

17      22. At all times material hereto, plaintiff was diagnosed as suffering from
18 Parkinson's Disease, a debilitating neurological disorder that impairs its sufferers–and in
19 particular plaintiff–in the ability to perform the everyday functions of their lives
20 including, but not limited to: narrowing the types of employment plaintiff may perform,
21 interrupting plaintiff's mobility, preventing plaintiff from normal daily activities such as
22 dressing, walking without assistance, and caring for herself.

23      23. During the encounter between plaintiff and defendants on May 11, 2007, as
24 more particularly described in paragraphs 6 through 16, inclusive, of this First Amended
25 Complaint, defendants knew or should have known that plaintiff was not in violation of
26 any law and that her behavior was the result of her disability and the deprivation of
27 timely required medications. It knew, or should also have known that plaintiff required
28 certain assistive devices, including, but not limited to, a wheel chair to function more
29 normally. It knew or should have known that plaintiff required medications to function
30 normally, and it knew or should have known that all of these things that plaintiff needed

1 were reasonably available and could be provided by said defendants to plaintiff. Despite
2 that knowledge, defendants discriminated against plaintiff by subjecting her to tests and
3 investigations that were impossible for her to perform without reasonable accommodation,
4 failed to offer her that accommodation, and deprived her of her required medications and
5 assistive devices and instead subjected her to arrest and detention for exhibiting signs and
6 symptoms of her disability that in some respects mimicked symptoms of intoxication by
7 alcohol or a drug.

8   24. As a direct and proximate result of the deprivation by defendants of plaintiff's
9 rights set forth in paragraph 21 hereof, plaintiff suffered injury in her person and
10 emotional state in that she was subjected to painful delay in treatment for her illness, she
11 was bruised by the physical force and restraints used by the defendants to coerce her to go
12 to the hospital and transport her to the detention facility, and she suffered
13 embarrassment, humiliation, dismay, obloquy, and other general distress as a result of
14 defendants' conduct towards her, all of which resulted in plaintiff incurring medical
15 expenses and general damages in a sum as set forth hereinabove, or according to proof.

16   25. The conduct of defendants in doing the things hereinabove set forth was
17 so egregious and unwarranted and so blatantly in violation of plaintiff's rights as to
18 warrant the imposition of punitive damages against them for the purposes of deterrence of
19 future such conduct and to make a public example of them to deter such conduct in others
20 in future.

## THIRD CAUSE OF ACTION
### (Retaliation)

23   26. Plaintiff incorporates here by this reference each and every allegation set forth
24 in paragraphs 1 through 16 inclusive of this First Amended Complaint and by this
25 reference realleges same as if set out in full herein.

26   27. After suffering the deprivations set forth in this First Amended Complaint,
27 plaintiff opposed the discriminatory practices of defendants by resisting them, by refusing
28 to cooperate with them in humiliating her, and, subsequently, by filing and maintaining
29 litigation in the Superior Court of California, County of Tulare against defendants to
30 vindicate her rights, which litigation has subsequently been dismissed without prejudice.

1    28. Following this opposition and institution of litigation by plaintiff, defendants
2 and each of them have retaliated against plaintiff by acts that include following her,
3 surveilling her, refusing to act or investigate upon her legitimate calls for assistance from
4 the City of Visalia public safety agencies, by subjecting her to cruel and humiliating
5 accusations of mental incompetence, by treating her as mentally unstable when rendering
6 services to her all of which acts were done for the purpose of and substantially motivated
7 by the desire on the part of the defendants and each of them to retaliate against plaintiff
8 for opposing the discriminatory practices set out hereinabove.

9    29. As a direct and proximate result of the retaliation by defendants for plaintiff's
10 exercise of her rights as set forth in this First Amended Complaint, plaintiff suffered
11 injury in her person and emotional state in that she has been forced to suffer the fear of a
12 perceived inability to receive timely emergency services, the fear of summoning emergency
13 services because of the possibility that she will be derided for making such a summons,
14 the fear of contacts with public safety personnel for fear that she will be accused of some
15 sort of wrongdoing, all to her general damage, as hereinbefore set forth or according to
16 proof.

17    30. The conduct of defendants in doing the things hereinabove set forth was
18 so egregious and unwarranted and so blatantly in violation of plaintiff's rights as to
19 warrant the imposition of punitive damages against them for the purposes of deterrence of
20 future such conduct and to make a public example of them to deter such conduct by others
21 in future.

## FOURTH CAUSE OF ACTION

### (Intentional Infliction of Mental Distress)

24    31. Plaintiff incorporates here by this reference each and every allegation set forth
25 in paragraphs 1 through 16 inclusive of this First Amended Complaint and by this
26 reference realleges same as if set out in full herein.

27    32. The conduct of defendants in engaging in the retaliatory acts set forth in
28 paragraph 28 of this First Amended Complaint was outrageous conduct, intentionally
29 done for the purpose of–or with a substantial certainty of–inflicting severe mental and
30 emotional distress upon plaintiff and causing her to suffer such mental and emotional

1  distress and it was of such an outrageous nature as to shock the conscience and exceed all bounds of common decency. Among other things, placing plaintiff in fear of her safety by refusing to send public safety personnel to respond to her calls for assistance, placing her in fear of her life by following her and surveilling her, and placing her in fear of arrest and detention by staking our her residence with marked police cars was conduct that exceeded the bounds of common decency and caused plaintiff to suffer such mental and emotional distress.

33. As a direct, intended, and proximate result of this infliction of emotional distress, plaintiff suffered injury in her person and emotional state in that she has been forced to suffer the fear of a perceived inability to receive timely emergency services, the fear of summoning emergency services because of the possibility that she will be derided for making such a summons, the fear of contacts with public safety personnel for fear that she will be accused of some sort of wrongdoing, all to her general damage, according to proof.

**PRAYER**

Wherefore, Plaintiff prays that judgment of this court be entered against defendants and each of them as follows:

1. For non economic damages to compensate her for emotional and mental distress and other such non economic damages as may be warranted by the facts hereinbefore set forth, the sum of $5,000,000.00 or such other sum, higher of lower, that may accord to proof;

2. For economic damages to compensate for sums incurred and/or expended by plaintiff because of damage sustained by her as hereinbefore set forth in the sum of $50,000.00 or such other sum, higher or lower, that may accord to proof;

3. For injunctive relief ordering defendant City of Visalia to provide training and education to its public safety officers in the ability to distinguish between persons who are suffering from debilitating illness and those who are suffering from impairment by alcohol and/or a drug.

///

1.     4.     For injunctive relief prohibiting defendant City of Visalia from engaging in unlawful serach and surveillance of plaintiff, her effects, and her property, unless pursuant to a search warrant or some legally recognized exception thereto; and

5. For costs of this action, including a reasonable attorney fee, and;

6. For such other and further relief as the court may deem just and proper.

Dated: _____     Law Office of William A Romaine

_____s/ William A. Romaine_____
William A. Romaine, Attorney for Plaintiff.

///
///
///