UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARLEEN AVILA,<br><br>            Plaintiff,<br><br>     v.<br><br>CITY OF VISALIIA, et al.,<br><br>            Defendants. | 1:09-cv-00847 OWW SMS<br><br>MEMORANDUM DECISION AND ORDER GRANTING UNOPPOSED MOTION TO DISMISS (DOC. 25), STRIKING FIRST AMENDED COMPLAINT (DOC. 27) AND GRANTING PLAINTIFF LEAVE TO RE-FILE FIRST AMENDED COMPLAINT |

On or about May 11, 2007, Plaintiff was arrested for driving under the influence of an alcohol or drug.  Plaintiff's May 11, 2009 Complaint against the City of Visalia and three of its police officers alleges that Defendants "erroneously determined" that she had been driving her automobile under the influence" and "failed to consider information then and there provided to them that plaintiff was not under the influence of alcohol or a drug, but was rather suffering from the debilitating effect of her disability."  Doc. 1 at ¶8.  Elsewhere in the complaint, Plaintiff explains that she suffers from Parkinson's Disease. *Id*. at ¶12.  During the course of Defendants' efforts to arrest

1

Plaintiff, Plaintiff alleges that she was "physically and verbally assault[ed] repeatedly," *id*. at ¶9, and was physically restrained and "removed" to a hospital against her will and over her objection, *id*. at ¶10.

Plaintiff's initial complaint alleges: (1) a cause of action under 42 U.S.C. § 1983 ("Section 1983") based upon a violation of her Fourth Amendment rights; (2) discrimination under the Americans with Disabilities Act ("ADA"); (3) retaliation; (4) false arrest and imprisonment; and (5) and intentional infliction of emotional distress.  Doc. 1.

On June 14, 2010, Defendants moved to dismiss the Section 1983 and state causes of action.  As to the Section 1983 claim, Defendants argue that the Complaint "fails to allege any facts that would lead one to conclude any Defendant did anything wrong."  Doc. 25-1 at 3.  In addition, Defendants argued that because the Complaint "is silent as to any policy or custom...that would [support] Plaintiff's claim that she has been harmed by the City[,] Plaintiff [] failed to plead *Monell* liability against the City...."  *Id*. at 4-5.  Defendants also argue that the Complaint fails to adequately plead causes of action for false imprisonment and intentional infliction of emotional distress.  *Id*. at 5-6

On July 20, 2010, Plaintiff filed a statement of non-opposition along with a proposed first amended complaint.  Docs.

27 & 28.  Federal Rule of Civil Procedure 15 was recently amended to provide:

> A party may amend its pleading once as a matter of course within:
>
> (A) 21 days after serving it; or
>
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

"In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Fed. R. Civ. Pro. 15(a)(2).

By order of the Supreme Court dated March 26, 2009, the amendments took effect December 1, 2009 and should "govern in all proceedings thereafter commenced and, insofar as just and practicable, all proceedings <u>then pending</u>."  Order, 2009 U.S. Order 17 (Mar. 26, 2009)(emphasis added).  This proceeding, which was filed on May 11, 2009, was pending as of December 1, 2009. There is no apparent basis for a finding that application of the new Rule 15 to a motion filed after December 1, 2009 would be unjust or impracticable.  Accordingly, Plaintiff was required to file her amended complaint within 21 days after service of Defendants' June 14, 2010 motion to dismiss.  Plaintiff did not lodge her proposed amended complaint until July 20, 2010, more than 30 days after Defendants' motion.

3

Plaintiff has neither filed a stipulation indicating the opposing party's consent to amendment nor has she filed a motion for leave to amend. It is therefore improper to allow the first amended complaint to automatically moot Defendants' motion to dismiss. The First Amended Complaint, Doc. 27, is STRICKEN. However, given Plaintiffs' non-opposition to Defendants' motion to dismiss, that motion is GRANTED WITH LEAVE TO AMEND. Plaintiff may re-file her proposed first amended complaint.

SO ORDERED
Dated:   August 5, 2010

                                    /s/ Oliver W. Wanger
                                       Oliver W. Wanger
                             United States District Court