**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ARLENE AVILA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CITY OF VISALIA, et al.,<br><br>　　　　　Defendants. | 1:09-cv-00847-OWW-SMS<br><br>MEMORANDUM DECISION REGARDING DEFENDANTS' MOTION TO DISMISS |

## I. INTRODUCTION.

Plaintiff Arlene Avila ("Plaintiff") proceeds with an action pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 12202. On August 6, 2010 Plaintiff filed a first amended complaint ("FAC").

Defendants filed a motion to dismiss the FAC on August 26, 2010. (Doc. 32). Plaintiff filed opposition to the motion to dismiss on October 18, 2010. (Doc. 35).

## II. FACTUAL BACKGROUND.

On or about May 11, 2007, Plaintiff was operating a vehicle near the intersection of Walnut Avenue and Mooney Boulevard in the City of Visalia in California. (FAC at 2-3). Defendants, employees of the Visalia Police Department, reported to the area to provide public safety services in response to a call to a private location. (FAC at 2). The FAC alleges that, upon arrival, Defendants "or some of them...quickly and erroneously determined

1

that Plaintiff was...operating a motor vehicle...while under the influence of alcohol or a drug." (FAC at 3).

Plaintiff contends that she was not under the influence, rather, she was experiencing symptoms of her Parkinson's Disease, a systemic neurological disorder. (FAC at 3). Defendants ignored Plaintiff's protestations that she was exhibiting symptoms of Parkinson's Disease and was not under the influence. (FAC at 4). Defendants physically restrained Plaintiff and took her to the hospital, against her will and over her objection, in order to obtain physical evidence that Plaintiff was under the influence. (FAC at 5). Plaintiff was detained and charged with driving under the influence. (FAC at 5). Plaintiff was subsequently acquitted of all charges. (FAC at 5). The FAC alleges that Defendants denied Plaintiff's request for a wheelchair. (FAC at 6).

### III. **LEGAL STANDARD**.

Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks sufficient facts to support a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.1990). To sufficiently state a claim to relief and survive a 12(b)(6) motion, the pleading "does not need detailed factual allegations" but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Id*. Rather, there must be "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. In other words, the "complaint must contain sufficient factual matter, accepted as true, to state a claim to

relief that is plausible on its face." *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (internal quotation marks omitted).

The Ninth Circuit has summarized the governing standard, in light of *Twombly* and *Iqbal*, as follows: "In sum, for a complaint to survive a motion to dismiss, the nonconclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir.2009) (internal quotation marks omitted). Apart from factual insufficiency, a complaint is also subject to dismissal under Rule 12(b)(6) where it lacks a cognizable legal theory, *Balistreri*, 901 F.2d at 699, or where the allegations on their face "show that relief is barred" for some legal reason, *Jones v. Bock*, 549 U.S. 199, 215, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007).

In deciding whether to grant a motion to dismiss, the court must accept as true all "well-pleaded factual allegations" in the pleading under attack. *Iqbal*, 129 S.Ct. at 1950. A court is not, however, "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.2001). "When ruling on a Rule 12(b)(6) motion to dismiss, if a district court considers evidence outside the pleadings, it must normally convert the 12(b)(6) motion into a Rule 56 motion for summary judgment, and it must give the nonmoving party an opportunity to respond." *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir.2003). "A court may, however, consider certain materials-documents attached to the complaint, documents

**3**

incorporated by reference in the complaint, or matters of judicial notice-without converting the motion to dismiss into a motion for summary judgment." *Id.* at 908.

## IV. DISCUSSION

### A. Plaintiff's 1983 Claim

Plaintiff contends that Defendants conduct violated her right to be free from arrest absent a warrant or probable cause. (FAC at 6). Defendant also contends she was denied equal treatment and "benefits as specified by 42 U.S.C. § 12132 and by regulations promulgated pursuant to 42 U.S.C. § 12134." (Id.).

The FAC alleges sufficient facts to state a claim under section 1983 for violation of Plaintiff's right to be free from unreasonable seizure. In essence, Plaintiff contends that the Defendants seized her without conducting a reasonable investigation of all the circumstances. In order to satisfy the requirements of the Fourth Amendment, a warrantless arrest must be supported by probable cause to believe that the arrestee has committed a crime. *E.g. Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001). In order to have probable cause, an arresting officer must conduct an investigation that is reasonable under the circumstances. *See, e.g., id.* (noting that arresting officer had a duty to independently investigate basis of witness' knowledge in order to establish probable cause). Defendants motion to dismiss Plaintiff's section 1983 claim with respect to Plaintiff's alleged unreasonable seizure is DENIED.

To the extent the FAC attempts to allege an equal protection claim, it is deficient. Plaintiff fails to allege facts sufficient to support an inference that she was a member of a protected class

**4**

or was treated differently from any other similarly situated individuals. *See, e.g.*, *Pierce v. County of Orange*, 519 F.3d 985, 1018 (9th Cir. 2008) (affirming summary judgment on equal protection claim based on disability status where plaintiffs failed to establish they were treated differently from other similarly situated persons). Defendants motion to dismiss Plaintiff's equal protection claim is GRANTED, with leave to ammend.

**B. Plaintiff's ADA Claim**

In order to state a claim under the ADA, Plaintiff must allege (1) she is an individual with a disability; (2) she is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) she was excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) the exclusion, denial of benefits, or discrimination occurred  by reason of her disability. *E.g., Simmons v. Navajo County, Arizona*, 609 F.3d 1011, 1021 (9th Cir. 2010). A plaintiff may establish that she was discriminated against "by reason of" her disability by establishing that her disability was a "motivating factor" in an official's decision to exclude the plaintiff from a service or program. *Id*. at 1022. Alternatively, a disabled person may carry her pleading burden by alleging facts which demonstrate that she was subjected to an undue burden because of a facially neutral law. *See McGary v. City of Portland*, 386 F.3d 1259, 1265 (9th Cir. 2004) (person sufficiently alleged discrimination "by reason of" his disability by alleging that facially neutral law placed undue burden on him).

The FAC fails to allege facts sufficient to support an

**5**

inference that Plaintiff was discriminated "by reason of" her disability. It is not clear whether Plaintiff's ADA claim is based on intentional discrimination by some or all of the Defendants or on the theory that the Defendants' facially neutral policy imposes undue burdens on disabled individuals, but under either theory, the FAC is deficient. Although the FAC alleges that Plaintiff told "Defendants, or some of them" that she had Parkinson's Disease, the FAC does not indicate which of the Defendants were purportedly aware of Plaintiff's disease or which Defendant's failed consider Plaintiff's disease in deciding to place Plaintiff under arrest. Thus, the FAC is insufficient to state an intentional disability discrimination claim. Similarly, Plaintiff's conclusory reference to "a policy, custom, and/or practice-written and/or unwritten in whole or in part" pursuant to which Defendants were "required... to make rapid determinations without considering all facts carefully and conscientiously as to whether or not drivers of automobiles in the City of Visalia were impaired" is not supported by factual allegations sufficient to support the existence of such a policy, let alone the inference that such a policy placed an undue burden on persons with Parkinson's Disease. (FAC at 3). Plaintiff's ADA claim is DISMISSED, with leave to amend.

**C. Plaintiff's Retaliation Claim**

Plaintiff's retaliation claim fails to meet federal pleading requirements. The FAC provides:

> Following this opposition and institution of litigation by plaintiff, defendants and each of them have retaliated against plaintiff by acts that include following her, surveilling her, refusing to act or investigate upon her legitimate calls for assistance from the City of Visalia public safety agencies, by subjecting her to cruel and humiliating accusations of mental incompetence, by

>
> treating her as mentally unstable when rendering services to her all of which acts were done for the purpose of and substantially motivated by the desire on the part of the defendants and each of them to retaliate against plaintiff for opposing the discriminatory practices set out hereinabove.

(FAC at 9). As the FAC does not indicate which Defendants did what acts, or when such conduct occurred, the FAC does not provide fair notice of the nature of Plaintiff's retaliation claim. Defendants motion to dismiss Plaintiff's retaliation claim is GRANTED, with leave to amend.

**D. Plaintiff's Mental Distress Claim**

Plaintiff's infliction of mental distress claim is based on the Defendants' alleged retaliatory actions. For the same reasons the FAC does not contain sufficient factual particularity to properly plead a retaliation claim, Plaintiff's mental distress claim is also deficient. Defendants motion to dismiss is GRANTED.

**ORDER**

For the reasons stated, IT IS ORDERED:

1) The FAC is dismissed in its entirety, without prejudice; and

2) Defendant shall lodge a formal order consistent with this decision within five (5) days following electronic service of this decision by the clerk. Plaintiff shall file an amended complaint within fifteen (30) days of the filing of the order. Defendant shall file a response within fifteen (20) days of receipt of the amended complaint.

IT IS SO ORDERED.

**Dated:   November 1, 2010**          **/s/ Oliver W. Wanger**
                                       UNITED STATES DISTRICT JUDGE