UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARLENE AVILA,<br><br>        Plaintiff,<br><br>  v.<br><br>CITY OF VISALIA, et al.,<br><br>        Defendants. | 1:09-cv-00847-OWW-SMS<br><br>MEMORANDUM DECISION REGARDING DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT (Doc. 45) |

## I. **INTRODUCTION**.

Plaintiff Arlene Avila ("Plaintiff") proceeds with an action pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 12202.  On November 29, 2010, Plaintiff filed a second amended complaint ("SAC").

Defendants filed a motion to dismiss the SAC on December 17, 2010.  (Doc. 45).  Plaintiff filed opposition to the motion to dismiss on February 28, 2011.  (Doc. 47).  Defendants filed a reply on March 7, 2011.  (Doc. 48).

## II. **FACTUAL BACKGROUND**.

On or about May 11, 2007, Plaintiff was operating a vehicle near the intersection of Walnut Avenue and Mooney Boulevard in the City of Visalia in California.  Defendants, employees of the Visalia Police Department, reported to the area to provide public safety services in response to a call to a private location.  The SAC alleges that, upon arrival, Defendants erroneously determined

**1**

that Plaintiff was operating a motor vehicle while under the influence of alcohol or a drug.

Plaintiff contends that she was not under the influence, rather, she was experiencing symptoms of her Parkinson's Disease, a systemic neurological disorder.  Defendants ignored Plaintiff's protestations that she was exhibiting symptoms of Parkinson's Disease and was not under the influence.  Defendants physically restrained Plaintiff and took her to the  hospital, against her will and over her objection.  Plaintiff was detained and charged with driving under the influence.  Plaintiff was subsequently acquitted of all charges.  The SAC alleges that Defendants denied Plaintiff's request for a wheelchair.

The SAC also alleges that on November 16, 2010, Defendants Lyon, Arjona, Scott, and Torrez, also Visalia Police Department officers, retaliated against Plaintiff for filing the instant action by entering her residence without probable cause, seizing her, and transporting her to a hospital.

### III. <u>LEGAL STANDARD</u>.

Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks sufficient facts to support a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.1990).  To sufficiently state a claim to relief and survive a 12(b)(6) motion, the pleading "does not need detailed factual allegations" but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Id*. Rather, there must

be "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. In other words, the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (internal quotation marks omitted).

The Ninth Circuit has summarized the governing standard, in light of *Twombly* and *Iqbal*, as follows: "In sum, for a complaint to survive a motion to dismiss, the nonconclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir.2009) (internal quotation marks omitted). Apart from factual insufficiency, a complaint is also subject to dismissal under Rule 12(b)(6) where it lacks a cognizable legal theory, *Balistreri*, 901 F.2d at 699, or where the allegations on their face "show that relief is barred" for some legal reason, *Jones v. Bock*, 549 U.S. 199, 215, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007).

In deciding whether to grant a motion to dismiss, the court must accept as true all "well-pleaded factual allegations" in the pleading under attack. *Iqbal*, 129 S.Ct. at 1950. A court is not, however, "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.2001). "When ruling on a Rule 12(b)(6) motion to dismiss, if a district court considers evidence outside the pleadings, it must normally convert the 12(b)(6) motion into a Rule 56 motion for summary judgment, and it must give the nonmoving party an

1    opportunity to respond." *United States v. Ritchie*, 342 F.3d 903,

2    907 (9th Cir.2003). "A court may, however, consider certain

3    materials-documents attached to the complaint, documents

4    incorporated by reference in the complaint, or matters of judicial

5    notice-without converting the motion to dismiss into a motion for

6    summary judgment." *Id.* at 908.

7    **IV. DISCUSSION**

8    **A. Plaintiff's Section 1983 Claims**

9        **1. Fourteenth Amendment Claim**

10        The SAC contains language regarding Plaintiff's right to

11    "equal treatment," but it is not clear whether Plaintiff seeks to

12    assert a Fourteenth Amendment claim. To the extent Plaintiff seeks

13    to allege a Fourteenth Amendment equal protection claim, the

14    complaint does not give fair notice of such a claim. Further, the

15    SAC does not remedy the deficiencies identified in the memorandum

16    decision dismissing any Fourteenth Amendment claim advanced in

17    Plaintiff's first amended complaint ("FAC"):

18
19
20
21
22
23
24
> To the extent the FAC attempts to allege an equal
> protection claim, it is deficient. Plaintiff fails to
> allege facts sufficient to support an inference that she
> was a member of a protected class or was treated
> differently from any other similarly situated
> individuals. *See, e.g.*, *Pierce v. County of Orange*, 519
> F.3d 985, 1018 (9th Cir. 2008) (affirming summary
> judgment on equal protection claim based on disability
> status where plaintiffs failed to establish they were
> treated differently from other similarly situated
> persons). Defendants motion to dismiss Plaintiff's equal
> protection claim is GRANTED, with leave to amend.

25    (Doc. 39 at 4-5). The SAC is too vague to provide fair notice of

26    any equal protection claim and does not remedy the deficiencies

27    identified in the memorandum decision. Defendants' motion to

28    dismiss is GRANTED with respect to any Fourteenth Amendment claim

**4**

Plaintiff is attempting to advance.

At oral argument, Plaintiff's counsel requested leave to amend in order to plead a substantive due process claim.  Plaintiff will have one more opportunity to properly plead a cognizable claim under the Fourteenth Amendment.

## 2. Retaliation Claim

Defendants contend that Plaintiff's retaliation claim is subject to dismissal because the actions underlying the retaliation claim occurred after the date on which the FAC was filed. Defendants contend that Plaintiff's retaliation claim is subject to the requirements of Federal Rule of Civil Procedure 15(d) regarding "supplemental pleadings."  Rule 15(d) provides:

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented.

Fed. R. Civ. P. 15.  Leave to permit supplemental pleading under Rule 15 is favored where leave would promote judicial efficiency. *E.g., Planned Parenthood v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997).

The applicability of Rule 15(d) under the circumstances is dubious.  The SAC cannot be characterized as a "supplemental pleading," because at the time Plaintiff filed the SAC, there was no operative complaint before the court; in other words there was no "pleading to be supplemented."  Further, in dismissing the FAC, the court granted Plaintiff leave to amend her retaliation claim. Assuming *arguendo* that Rule 15(d) does apply, leave is appropriate. The SAC is subject to dismissal, and Defendants now have reasonable

**5**

notice of the basis of the retaliation claim Plaintiff with
presumably assert in her third amended complaint. Defendants have
not argued that allowing Plaintiff to assert her retaliation claim
prejudices them, and there is no apparent basis for such an
assertion.

**B. Plaintiff's ADA Claim**

In order to state a claim under the ADA, Plaintiff must allege
(1) she is an individual with a disability; (2) she is otherwise
qualified to participate in or receive the benefit of some public
entity's services, programs, or activities; (3) she was excluded
from participation in or denied the benefits of the public entity's
services, programs, or activities, or was otherwise discriminated
against by the public entity; and (4) the exclusion, denial of
benefits, or discrimination occurred by reason of her disability.
*E.g., Simmons v. Navajo County, Arizona*, 609 F.3d 1011, 1021 (9th
Cir. 2010). A plaintiff may establish that she was discriminated
against "by reason of" her disability by establishing that her
disability was a "motivating factor" in an official's decision to
exclude the plaintiff from a service or program. *Id.* at 1022.
Alternatively, a disabled person may carry her pleading burden by
alleging facts which demonstrate that she was subjected to an undue
burden because of a facially neutral law. *See McGary v. City of
Portland*, 386 F.3d 1259, 1265 (9th Cir. 2004) (person sufficiently
alleged discrimination "by reason of" his disability by alleging
that facially neutral law placed undue burden on him).

Plaintiff identifies the public service she is entitled to
receive as:

the full benefit of publicly available criminal

**6**

investigatory services sufficiently sophisticated to negate [a mistaken belief that someone suffering from Parkinson's Disease is under the influence of drugs or alcohol] and the consequences of that mistaken belief.

(SAC at 3). Plaintiff contends that she was discriminated against "by reason of" her disability because, as a result of the City's inadequate training policies, persons with Parkinson's Disease are treated "in a manner that would not occur in the case of a person in the same situation but not suffering from Parkinson's Disease." (SAC at 3-4).

Although the SAC is not a model of clarity, it appears that Plaintiff's claim is that the City of Visalia's facially neutral training policies have a disparate impact on persons with Parkinson's Disease because the training policies do not adequately prepare officers to evaluate motorists suffering from Parkinson's disease, resulting in unjustified arrests. Accepting the allegations of the SAC as true, Plaintiff has stated an ADA claim based on a disparate impact theory.

### ORDER

For the reasons stated, IT IS ORDERED:

1) Plaintiff's Fourteenth Amendment claim under section 1983 is DISMISSED, without prejudice;

2) Any amended complaint is due within twenty (20) days of the electronic filing of this Memorandum Decision. Defendants' responsive pleading is due within twenty (20) days of notice of the electronic filing of any such amended complaint; and

3) Defendants shall submit a form of order consistent with this Memorandum Decision within five (5) days following electronic service of this decision.

**7**

IT IS SO ORDERED.

**Dated:**    **March 14, 2011**                      **/s/ Oliver W. Wanger**
                                                 UNITED STATES DISTRICT JUDGE